IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF: )
) CASE NO. BK15-81898
JOSEPH ALLAN HARTLEY and )
RACHEL KAY HARTLEY, ) CHAPTER 7
)
Debtor(s). )

## ORDER

Hearing was held on June 27, 2018, on the Chapter 7 trustee's objections to the claims of Independence Bank (Fil. Nos. 243 and 244) and resistance by the bank (Fil. Nos. 247 and 248). Mark J. LaPuzza and Ben Pick appeared for Independence Bank, and Richard D. Myers appeared as the Chapter 7 trustee. Post-hearing briefs were filed and the matter is now ready for decision.

The trustee's objections are sustained as to the post-petition interest and overruled as to attorneys' fees.

The debtors invested in and guaranteed loans for two fishing companies in the Northern Mariana Islands.[1] The business was unsuccessful and the loans from Independence Bank went into default. In 2014, the debtors and the fishing companies sued Independence Bank in the United States District Court for the District of Rhode Island alleging lender liability, fraudulent misrepresentation, fraudulent concealment, negligent misrepresentation, negligent omission, unjust enrichment, breach of fiduciary duty, and breach of the duties of good faith and fair dealing. In November 2015, the debtors filed a Chapter 11 petition in this court.[2] In March 2016, this court granted relief from the automatic stay to the bank to allow the Rhode Island litigation to proceed to final judgment.

While the Rhode Island litigation was pending, the bank filed proofs of claim in this bankruptcy case. Claim No. 9 is an unsecured claim in the amount of $862,645.97 for guarantees the debtors signed for an SBA-backed loan. The claim includes the principal balance of $779,211.57, accrued interest to 03/02/2016 of $62,379.62, late fees of $6,004.78, two non-sufficient funds charges of $50, and "excess servicing fees" of $15,000.

Claim No. 10 is an unsecured claim in the amount of $1,106,813.57 for guarantees the debtors signed for a USDA-backed loan. The claim includes the principal balance of $937,746.15, accrued interest to 03/02/2016 of $56,162, late fees of $9,637.55, miscellaneous fees consisting of incurred and anticipated legal fees of $88,267.87, and "excess servicing fees" of $15,000.

---

[1] The islands, in the western Pacific Ocean, are a commonwealth of the United States.

[2] The case was converted to one under Chapter 7 in December 2016.

  The debtors and the other plaintiffs were unsuccessful on their claims against the bank in the Rhode Island litigation, but the bank prevailed on summary judgment on its counterclaims for breach of contract. The district court entered an amended judgment on April 30, 2018, as follows:

> Judgment in favor of the Defendant, Independence Bank, and against all Plaintiffs and Rockford Zietzke, jointly and severally, in the amount of $946,353 plus post-judgment interest accruing from April 12, 2018 at a per diem rate of $128.09;
>
> Judgment in favor of the Defendant, Independence Bank, and against all Plaintiffs, Rockford Zietzke and Courtney Zietzke, jointly and severally, in the amount of $1,110,474.46 plus post-judgment interest accruing from April 12, 2018 at a per diem rate of $154.15; and
>
> Judgment in favor of the Defendant, Independence Bank, and against all Plaintiffs, Rockford Zietzke and Courtney Zietzke, jointly and severally, for attorneys' fees and costs in the amount of $269,265.03.

Claim No. 9-2, at 32-33.

  Thereafter, the Chapter 7 trustee objected to the inclusion of post-petition interest in both claims and to the inclusion of attorneys' fees in Claim No. 10. The bank then filed amended proofs of claim. Amended Claim No. 9, for the SBA-backed loan guarantee, is an unsecured claim in the amount of $1,077.259.86. This represents the judgment amount of $946,353 plus post-judgment interest from April 12, 2018, of $7,044.95, as well as $123,861.91 representing 46 percent of the awarded attorneys' fees. Amended Claim No. 10, for the USDA-backed loan guarantee, is an unsecured claim in the amount of $1,264,355.83, for the judgment amount of $1,110,474.46 plus post-judgment interest from April 12, 2018, of $8,478.25, as well as $145,403.12 representing 54% of awarded attorneys' fees.

  The trustee maintains his objection to the bank's requests for attorneys' fees and interest after the date the bankruptcy petition was filed on the grounds that post-petition interest is not allowed under 11 U.S.C. § 726(a)(5) and Nebraska law does not support the recovery of attorneys' fees under the circumstances of this case.

  The facts concerning these claims are not in dispute here. The parties have presented the straightforward legal questions of whether post-petition interest and attorneys' fees are appropriately included in an unsecured creditor's proof of claim.

  Before discussing the merits of the parties' positions, I will address the concern expressed by the bank in its brief regarding the trustee's alleged failure to comply with local procedural rule

3007-1.[3] The bank contends that the trustee's objections fail to identify the applicable law supporting his allegations, and fail to identify his proposed treatment of the claims with a specific dollar amount. While the objections to claim do not cite legal authority for the trustee's position, the trustee's brief does include citations to the Bankruptcy Code and Nebraska case law in support of his arguments. The bank is correct that the objections do not contain the trustee's calculation of an appropriate dollar amount for the claims, but the objections clearly state the trustee's opposition to the inclusion of fees and post-petition interest. The underlying amounts of the claims are not controversial, so presumably the proofs of claim could easily be recomputed without the interest and/or fees if the objections were sustained. The perceived deficiencies in the objections are not substantive enough to warrant denial solely on procedural grounds.

Section 502 of the Bankruptcy Code governs the allowance of claims. A filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). If an objection is made, the court shall allow and determine the amount of the claim unless the claim, or any part of it, is not allowable under one of the standards set forth in § 502(b). "[C]reditors' entitlements in bankruptcy arise in the first instance from the underlying substantive law creating the debtor's obligation, subject to any qualifying or contrary provisions of the Bankruptcy Code." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas and Elec. Co.*, 549 U.S. 443, 450 (2007) (quoting *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000)). "That principle requires bankruptcy courts to consult state law in determining the validity of most claims." *Id.*

---

[3]In pertinent part, the rule states:

Rule 3007-1. Claims - Objections

    A.    Content. The caption of all objections to claims shall identify the claimant (e.g., Objection to Claim of XYZ Co.) and claim number. The objecting party has the burden of overcoming the presumption afforded by Fed. R. Bankr. P. 3001(f). If the objecting party relies on facts not established by the proof of claim, an affidavit or declaration shall be filed and served with the objection. Objections to claims shall be filed and served in compliance with Neb. R. Bankr. P. 9013-1 and shall state with particularity:

        1.    The proof of claim by filing date, creditor and amount, or in some other specific manner (Note: reference to a proof of claim number without the claimant's name will not be deemed sufficient notice);

        2.    The specific ground(s) upon which the objection is made; and

        3.    The proposed treatment of the claim with a specific dollar amount.

The general rule in bankruptcy is that unsecured creditors are not entitled to recover post-petition interest. *United Sav. Ass'n v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 372 - 73 (1988) (holding that unsecured creditors are not entitled to have post-petition interest added to their claims). The Bankruptcy Code also covers this in § 502(b)(2), which disallows claims for unmatured interest. *Consumers Realty & Dev. Co. v. Goetze (In re Consumers Realty & Dev. Co).*, 238 B.R. 418, 425 (B.A.P. 8th Cir. 1999). An exception exists when the debtor is solvent and the claims of unsecured creditors are paid. In that instance, the holder of an unsecured claim may receive post-petition interest at the legal rate. § 726(a)(5). The debtors in this case are not solvent, but even if they were, the bank could receive interest only at the legal rate, not at the judgment rate. The bank is not entitled to claim post-petition interest on this debt, and the trustee's objection is sustained in that respect.

The Rhode Island court awarded the full amount of attorneys' fees and expenses requested to the bank on the basis of language in the loan documents requiring the borrowers and guarantors to reimburse the bank for all costs and fees necessary to enforce the security agreement, as well as for the costs and fees associated with the bank's defense of any action the borrowers and guarantors file against it and lose. The guarantees also contain provisions requiring the guarantors to pay the bank's expenses for enforcing the guarantee.

Generally, a creditor is not precluded from filing an unsecured claim for contractual attorney fees, even those incurred in post-petition litigation. *Travelers Cas. & Sur. Co. of Am.*, 549 U.S. 443. In *Travelers*, the Supreme Court reminded parties that courts "generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed" under § 502(b). 549 U.S. at 452. Section 502(b) does not expressly disallow a creditor's attorneys' fees. Rather, § 502(b)(1) permits claims unless they are unenforceable for a reason other than being contingent or unmatured. Therefore, the bank may claim post-petition attorneys' fees as part of its proofs of claim against the debtors, to the extent those fees are not otherwise unenforceable under any agreement or applicable law. *In re Smith*, Case No. 06-60768, 2008 WL 185784, at *6 (Bankr. W.D. Mo. Jan. 19, 2008); § 502(b)(1). The trustee points out that agreements to charge a debtor with attorneys' fees for a creditor's collection efforts are void and unenforceable under Nebraska law because they are contrary to public policy. *First Nat'l Bank in Ord v. Schroeder*, 355 N.W.2d 780, 783 (Neb. 1984). However, under the Bankruptcy Code, fee agreements are enforceable notwithstanding contrary state law. *In re Record Enter., Ltd.*, 189 B.R. 769, 771 (D. Neb. 1986).

The Rhode Island court awarded the attorneys' fees and costs in full after the bank submitted evidence of the reasonableness of the claimed amounts. The trustee has not argued here that the fees are unreasonable. Because the Bankruptcy Code permits claims for attorneys' fees under appropriate circumstances, the trustee's objection is overruled in this respect. The court notes that the judgment makes a number of parties jointly and severally liable for the amounts due, so while the bank is claiming the full amount of the fees and costs from the Hartleys' bankruptcy estate, the amount due from these debtors would need to be reduced by the amounts, if any, collected from any of the other parties to the Rhode Island lawsuit.

IT IS ORDERED: The Chapter 7 trustee's objections to the claims of Independence Bank (Fil. Nos. 243 and 244) are sustained as to the bank's claim for post-petition interest and overruled as to the bank's claim for attorneys' fees. The bank shall file amended proofs of claim on or before September 17, 2018, to include interest calculated only to the petition date.

IT IS FURTHER ORDERED this order will not be final for purposes of appeal until the amended claim is allowed by separate order.

DATED: August 20, 2018.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Richard D. Myers
    Mark LaPuzza
    Ben Pick
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.